IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DELAINE MACDONALD, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Case No. 1:17-cv-00754-JMC |
| UNITED STATES OF AMERICA. | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiffs Delaine MacDonald and Neal Kringel bring this case against the United States of America under the Federal Tort Claims Act, ("FTCA") 28 U.S.C. §§ 2671-2680, for alleged medical malpractice. (ECF No. 1). The parties consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c) and Local Rule 301.4. (ECF Nos. 43 and 54). Trial is set to begin this week on February 28, 2019. (ECF No. 59). On February 21, 2019, the Government submitted a letter to the Court detailing its belief that the Court is without subject matter jurisdiction as to the Plaintiffs' second count for loss of consortium. (ECF No. 61). The Court ordered an expedited briefing schedule to place the issue squarely before the Court prior to trial. (ECF No. 62). Now pending is the Government's Motion to Dismiss for Lack of Jurisdiction as to Count II. (ECF No. 64). The Court has reviewed Plaintiffs' opposition, ECF No. 65, the Reply, ECF No. 66, and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons below, the motion is **DENIED**.

**I. BACKGROUND**

In short, this is a medical malpractice case brought forward under the FTCA. (ECF No. 1). On December 17, 2013, Ms. Macdonald underwent a carpal tunnel release surgery at the

1

Kimbrough Ambulatory Care Center at Fort Meade. (*Id.* at ¶ 10). The surgery was conducted by LTC Leon Nesti, M.D. and LCDR Reed M. Heckert, M.D., both employees of the Government at the time. (*Id.*). Plaintiffs allege that the partial laceration of Ms. MacDonald's median nerve violated the standard of care. (*Id.* at ¶¶ 12-13).

Despite attempts to repair the alleged damage, Ms. MacDonald continued to experience chronic pain and limitations. (*Id.* at ¶¶ 15-16). On January 9, 2015, Ms. MacDonald, and her husband, Mr. Kringel submitted separate Standard Forms 95 – Claim for Damage, Injury, or Death ("Form 95"). The Form 95s included the same claim that briefly details the surgery, the alleged injury, and requests $500,000 in damages. (ECF No. 64-2 at 4-11). The only differences between the two separately filed Form 95s are the identifiers of the claimants, Ms. MacDonald having civilian employment, and Mr. Kringel qualifying descriptions of the incident as happening to his wife. (*Id.* at 5 and 9). The Government received the SF-15s on March 16, 2015. (*Id.*)

On July 11, 2016, the Department of the Army, while disagreeing that negligence occurred, invited Plaintiffs to submit expert medical opinion for further consideration. (ECF No. 64-2 at 13-15). Following an exchange of opinions, the Army denied the Plaintiffs' administrative claims. (*Id.* at 19-20). Consequently, this suit was filed on March 30, 2017 for two counts — negligence and loss of consortium. (ECF No. 1).

Now before the Court is the Government's motion to dismiss the loss of consortium count for lack of subject matter jurisdiction. (ECF No. 64). Put simply, the Government argues that because neither Form 95 expressly raised a claim for loss of consortium the Plaintiffs failed to exhaust administrative remedies for the claim, depriving this Court of subject matter jurisdiction. (*Id.* at 11). Plaintiffs argue that the exact opposite is true in that, under the FTCA, a claim is sufficiently advanced if it provides adequate notice to enable the agency to investigate and consider

settlement. (ECF No. 65 at 3-4). They argue that the Form 95s and investigations that followed adequately gave notice that Mr. Kringel would be pursuing a loss of consortium claim based on the injury to his wife. (*Id.* at 5-8). The Court agrees with the Plaintiffs.

## II. STANDARD OF REVIEW

A Federal Rule 12(b)(1) motion "for lack of subject matter jurisdiction challenges a court's authority to hear the matter brought by a complaint." *Chambliss v. Carefirst, Inc*, 189 F. Supp. 3d 564, 568 (D. Md. 2016). The court must dismiss a case or count whenever it lacks subject matter jurisdiction. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). Although most efficiently determined at the outset of a case, the question of subject matter jurisdiction may be raised at any time. *Id.*

A lack of subject matter jurisdiction is asserted either as facial challenges—i.e.the allegations of the complaint do not establish jurisdiction, or factual challenges, in "that the jurisdictional allegations of the complaint [are] not true." *Chambliss*, 189 F. Supp. 3d at 568 (quoting *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009)). Where the challenge is factual, the court may consider any relevant evidence to decide disputed issues of fact with respect to subject matter jurisdiction. *Id.* This, however, does not then convert "the proceeding to one for summary judgment." *Velasco v. Gov't of Indon.*, 370 F.3d 392, 398 (4th Cir. 2004)). Nevertheless, the plaintiff(s) must establish "that jurisdiction does, in fact, exist." *Lovern*, 190 F.3d at 654.

## III. DISCUSSION

The FTCA permits district courts to hear claims for "personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government . . . ." 28 U.S.C. § 1346(b)(1). With exceptions, the FTCA allows for the Government to be liable "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. One such exception requires any claim to first be presented to the appropriate federal

agency. 28 U.S.C. § 2675. The regulations "promulgated pursuant to the FTCA provide that a claim is presented 'when a Federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death.'" *Ahmed v. United States*, 30 F.3d 514, 516 (4th Cir. 1994) (quoting 28 C.F.R. § 14.2(a)). Congress requires administrative exhaustion "to ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States." S. Rep. No. 1327, 89th Cong., 2d Sess. 2 (1966) ("S.Rep."), *reprinted in* 1966 U.S.C.C.A.N. 2515, 2516. This procedure is designed to bring the claimants' allegations to the immediate attention of the relevant agency to protect "the [Government] from the expense of needless litigation, give it an opportunity for investigation, and allow it to adjust differences and settle claims without suit." S. Rep. at 7; 1966 U.S.C.C.A.N. at 2517.

The Fourth Circuit has interpreted this requirement to mean that a "claimant meets his burden if the notice (1) is sufficient to enable the agency to investigate and (2) places a sum certain value on her claim." *Ahmed*, 30 F.3d at 516-17 (internal quotations omitted). In applying the Fourth Circuit's interpretation this Court has concluded that "exhaustion requires that the claim, but not necessarily the claimant or the theory of recovery, be presented to the agency." *Glover v. United States*, 996 F. Supp. 2d 372, 377 (D. Md. 2014) (citing *Chang–Williams v. United States*, 965 F. Supp. 2d 673, 699 (D. Md. 2013) and *Munger v. United States*, 116 F. Supp. 2d 672, 676 (D. Md. 2000).

The Government contends that the standard of notice requires that separate and distinct counts, such a count of loss of consortium arising from a count for negligence, be expressly raised in both spouses' Form 95s. (ECF No. 64-1). Because the Government was never expressly given

4

notice of any loss of consortium claim that could arise from the incident, the exhaustion requirement was not satisfied, and therefore count should be dismissed. (*Id.*). Plaintiffs, on the other hand, argue that there is no such requirement that the claim expressly articulate loss of consortium, but the controlling rule is whether the Form 95s gave adequate opportunity to investigate and potentially settle the dispute. (ECF No. 65).

After an extensive review of the caselaw supplied by both parties, this Court is inclined to agree with the Plaintiffs. From the outset, the Court has trouble gleaning from the caselaw a standard similar to that articulated by the Government. Most of the cases cited by the Government consistently involve complaints naming both spouses based on single administrative claims only naming one spouse. *See e.g.*, *Santoni v. United States*, 450 F. Supp. 608 (D. Md. 1978); *Johnson v. United States*, CIV. WDQ-11-2624, 2014 WL 6490214, at *3 (D. Md. Nov. 18, 2014); *DuPont v. United States*, 980 F. Supp. 192, 195 (S.D.W. Va. 1997); *Heaton v. United States*, 383 F. Supp. 589, 591 (S.D.N.Y. 1974). None of the cases detailed by the Government concern the actual contents of the Form 95 and whether they sufficiently gave notice of a derivate claim where, as here, both spouses filed the form. Unlike the Government, Plaintiffs provide a few cases with similar circumstances, the most similar being *Sciolino v. United States*, 2001 WL 266024, at *4 (W.D.N.Y. Mar. 15, 2001). In *Sciolino*, the Plaintiff wife filed one Form 95 on behalf of herself and her husband concerning an injury caused by the Veterans Affairs Medical Center. *Id.* at *1. As with this case, the Form 95 prompted investigation, the Parties exchanged medical opinions, and the Government moved to have a derivative claim dismissed for lack of subject matter jurisdiction "because they were not properly asserted in the administrative claim." *Id.* After pointing to the purpose of administrative claims and the regulations governing their sufficiency, the *Sciolino* court ultimately held that a claim including "the names, dates of birth and signatures

of both a principal claimant and his spouse, alleging that serious injury has been sustained by the principal claimant, is sufficient to place the United States on notice that a derivative claim is being brought by the named spouse . . . ." *Id.* at *4. Although not controlling, this Court finds *Sciolino*'s reasoning highly persuasive.

So, the question remains — did the two nearly identical Form 95s separately filed by each spouse concerning the same injury to the wife and asking for $500,000 in damages, give sufficient notice? Under these circumstances and in light of the remedial nature of the FTCA, the Court finds that the Government received adequate notice of a possible claim for loss of consortium as contemplated by 28 C.F.R. § 14.2(a). Contrary to the Government's contentions, a Form 95 is sufficient if it gave "adequate notice to conduct a proper investigation." *Glover v. United States*, 996 F. Supp. 2d 372, 377 (D. Md. 2014). Nothing indicates that Form 95s must give anything more. The Form 95s here detailed the incident in question, prompted the retention of experts and the exchange of letters concerning those experts' opinions. Moreover, Mr. Kringel's claim was based solely on his wife's injury. Certainly a claim for loss of consortium should be expected to be asserted in virtually every claim alleging injury to one's spouse.

While it is nevertheless true that the inclusion of the words "loss of consortium" could have prevented all of this, it is equally true that to dismiss the claim now for that failure would amount to using the FTCA as a "trap" or "barrier of technicalities" designed to defeat an otherwise appropriate claim. *See Munger v. United States*, 116 F. Supp. 2d 672, 676 (D. Md. 2000). Administrative claims are not judged by the same standards as formal pleadings. *Johnson by Johnson v. United States*, 788 F.2d 845, 848 (2d Cir. 1986). Administrative claims need only to be specific enough to achieve their purpose — protect the Government from needless litigation,

give an opportunity to investigate, and prompt settlement without suit. *See* S. Rep. at 7; 1966 U.S.C.C.A.N. at 2517.

As both Parties concede to, loss of consortium is derivative of an injured spouse's claim for personal injury. *Oaks v. Connors*, 339 Md. 24, 38 (1995) ("[A] loss of consortium claim is derivative of the injured spouse's claim . . . therefore, a single cap for noneconomic damages applies to the whole action."). This Court is hard-pressed to see a way in which the Government's investigation or denial would have changed had the Form 95s explicitly articulated loss of consortium. Moreover, because the consideration of a loss of consortium claim depends on the success of its underlying claim, any investigation or consideration of the Form 95s would reasonably begin with the negligence, and, if denied, end with the negligence. Here, the Government investigated and denied the underlying claim of medical negligence. Nothing indicates that an expressly articulated claim for loss of consortium would have prompted additional investigation or would have impacted the Government's efforts to settle in any way.

### IV. CONCLUSION

The Plaintiffs' administrative claims sufficiently notified the Government to investigate, contemplate settlement, and defend against this instant dispute scheduled to conclude later this week. Accordingly, the Government's Motion to Dismiss for Lack of Jurisdiction as to Count II – Loss of Consortium, ECF No. 64, is **DENIED**. A separate order will follow, and the Court will see the Parties tomorrow, February 28, 2019, for trial.

Dated: February 27, 2018            /s/
J. Mark Coulson
United States Magistrate Judge